In the Matter of STANLEY SCHIMMEL, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 13, 1991

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* for petitioner.

*Jerome Karp* for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to the Bar on October 2, 1952, at a term of the Appellate Division in the First Judicial

Department. In this proceeding there were 12 charges of professional misconduct against the respondent.

Charge one alleged that in or about January 1984 and thereafter, the respondent vacated his law office, abandoned his legal practice to the detriment of his clients and failed to notify his clients, adversaries, courts and parties to legal actions that he had vacated his office.

Charge two alleged that the respondent violated the attorney registration requirements of Judiciary Law § 468-a and 22 NYCRR 118.1 from January 1984.

Charges three, five, seven, nine, eleven and twelve alleged that the respondent neglected six different legal matters entrusted to him.

Charges four, six, eight and ten alleged that the respondent failed to cooperate with legitimate investigations of the Grievance Committees for the Second and Eleventh Judicial Districts and the Tenth Judicial District.

In this proceeding the Special Referee sustained, in full, charges two, four, seven, eight, nine, ten and twelve. The Special Referee sustained, in part, charges one, three, six and eleven, and failed to sustain charge five.

As to charge one, the Special Referee concluded that the petitioner had not sustained its burden as to the respondent's alleged failure to notify courts and/or adversaries that he abandoned his legal practice. However, the respondent testified that he had not notified anyone that he was phasing out his law practice, and he acknowledged that he did not maintain a law office subsequent to December 31, 1983. Therefore, the evidence fully established the allegations in charge one.

As to charge three, the Special Referee noted that no proof was offered as to the final disposition of a client's remaining cause of action after the client's case against one defendant had been dismissed. However, the respondent's admission of responsibility for the dismissal of the action against one defendant was sufficient proof to sustain that charge.

As to charge six, the Special Referee failed to sustain that portion of the charge which alleged that the respondent had failed to respond to two letters dated August 29, 1983, and October 31, 1983, respectively, the latter of which was sent to him certified mail from the Grievance Committee for the Second and Eleventh Judicial Districts. The respondent claims that he sent a letter dated November 12, 1983, in response to the aforementioned letters. That letter was not in the file of

the Grievance Committee. In any case, the letter dated October 31, 1983, demanded an answer within three days. Thus, the respondent's alleged letter dated November 12, 1983, would not have been in compliance with that demand, and the allegations in charge six were fully established.

As to charge eleven, the Special Referee concluded that the evidence had not established that the neglect was to the detriment of the client. There is, however, no allegation in the charge that there was detriment to the client. Therefore, that charge was fully sustained by the evidence.

In failing to sustain charge five, the Special Referee noted that the respondent testified that the client had failed to provide requested information and concluded that "there is no convincing evidence to show that the respondent's version of the representation is not correct". However, the respondent's sole defense to this charge was the purported letter dated November 12, 1983, to the Grievance Committee of the Second and Eleventh Judicial Districts, which described very little work done by the respondent on the case which was the subject of that charge. Further, the respondent was unable to produce a file for the client which was the subject of that charge. Thus, the allegations in charge five were fully established.

The petitioner moves to confirm so much of the report of the Special Referee as sustained charges two, four, seven, eight, nine, ten and twelve, to confirm so much of the report that sustained allegations of professional misconduct in charges one, three, six and eleven, and to disaffirm so much of the report as failed to sustain allegations of professional misconduct in those charges, and to disaffirm the report to the extent that it failed to sustain charge five. The respondent, in reply, has submitted an affirmation setting forth mitigating circumstances, notably a series of family, medical and marital problems.

After reviewing all of the evidence, we are of the opinion that there is sufficient evidence to sustain all 12 charges against the respondent. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent. Under the circum-

stances, the respondent is suspended from the practice of law for a period of three years, commencing June 3, 1991, and until the further order of this court.

Bracken, J. P., Brown, Kunzeman, Sullivan AND EIBER, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted; and it is further,

Ordered that the respondent Stanley Schimmel is suspended from the practice of law for a period of three years, commencing June 3, 1991, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of that period of three years upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Stanley Schimmel is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application, or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.